JAMES M. DREW V. EDWARD J. CORRIGAN.
No. 15,077.   (90 Pac. 782.)

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge.   Opinion filed June 8, 1907. Affirmed.

*Bird & Pope,* for plaintiff in error.

*John A. Hale,* for defendant in error; *O. L. Miller,* of counsel.

*Per Curiam:*  There is nothing in this case to take it out of the rule authorizing the trial judge who has seen the witnesses and heard their testimony to set aside the verdict and grant a new trial when he is convinced the jury have clearly erred in their interpretation of the evidence.   The duty in such cases has been discussed in so many formal opinions that it is not necessary to encumber the reports with another.

The plaintiff contends he produced so much evidence in his favor that this court should say the case was not even doubtful and that the trial judge merely substituted his opinion for that of the jury.   Quantity is not always the controlling factor in weighing oral testimony.   Many other considerations affect its value.   The trial judge acquired his competency to act upon the motion for a new trial by presiding at the trial.   The members of this court have no such means of qualifying themselves to pass upon the facts and must decline to interfere.

The trial judge's reasons for condemning the verdict as against the great weight of the evidence were given independently of his estimate of the legal sufficiency of the plaintiff's evidence, and are abundant to sustain his action in granting a new

trial even if this court were to disagree with him upon the latter question, which, however, has not been considered.

The fact that the case was tried once before is scarcely sufficient to authorize this court to reinstate a verdict which the trial court has condemned as procured by untrustworthy testimony, as altogether unjust, and as unsupported by the evidence when properly sifted.

The trial court has the same power to vacate special findings which are not sustained by sufficient evidence that it has to set aside a verdict which finds the same facts generally. In this case the findings were directly and specifically assailed. True, the attack was made in the motion for a new trial, but it brought the question to the attention of the court and that is the substantial matter. The form is of little consequence.

The judgment of the district court is affirmed.